UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 09-53-GWU

JENNY BURKETT,
Natural Mother on behalf of T.M., a minor,                    PLAINTIFF,

VS.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $165.00 per hour for 9.25 hours of work on the successful appeal, plus $350.00 in "costs and expenses." The Commissioner objects to the hourly rate and to the payment of the fee directly to counsel.

**APPLICABLE LAW**

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory <u>cap</u> of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. <u>Kerin v. U.S. Postal Service</u>, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate <u>above</u> the cap. 28 U.S.C. § 2412(d)(2).

1

09-53  Jenny Burkett

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher.  Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1]  The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on

---

[1] At the time of Pierce, the cap was $75.00.  487 U.S. at 555.

2

cost of living increases.  <u>Begley v. Secretary of Health and Human Services</u>, 966 F.2d 196, 200 (6th Cir. 1992).  Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute.  <u>Id</u>.

In its <u>discretion</u>, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate.  28 U.S.C. § 2412(d)(2)(A).  However, this term has been fairly narrowly interpreted by the Supreme Court.  <u>Pierce v. Underwood</u>, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation).  Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement.  <u>Chynoweth v. Sullivan</u>, 920 F.2d 648, 650 (10th Cir. 1990).

## DISCUSSION

**A.  Prevailing Market Rate**

Counsel for the plaintiff has not made any effort to establish a prevailing market rate for Social Security appeals in the Northern Division of the Eastern District of Kentucky.  Instead, she discusses prevailing rates for general practice in

09-53 Jenny Burkett

the greater Cincinnati, Ohio area, and thus fails to carry the plaintiff's burden as prescribed in Blum. Likewise, the citation of a finding by a magistrate judge in Ohio hardly represents "prior case law in this court." Memorandum in Support of Attorney's Hourly Fee, Docket Entry No. 26, p. 30. "[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2004).

Moreover, this court has consistently held that the mere citation of cost-of-living increases since the enactment of the $125.00 statutory cap does not carry the plaintiff's burden of showing evidence that a higher rate was actually billed and paid in similar lawsuits. Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988), citing Blum v. Stenson, 465 U.S. 886, 895-6 n. 11 (1984). As no such documentary evidence has been submitted, the court finds that $125.00 per hour remains the maximum rate.

**B. Payment of Fee**

Citing the provision of 28 U.S.C. § 2412 which states that courts shall award attorney's fees and other expenses "to a prevailing party" rather than the party's attorney, the defendant requested that any fee award be made payable to the plaintiff, rather than to the plaintiff's counsel, in the absence of a written agreement to the contrary. Commissioner's Opposition to Plaintiff's Application for Fees and

4

09-53  Jenny Burkett

Expenses Pursuant to the Equal Access to Justice Act, Docket Entry No. 24, p. 5. See Bryant v. Commissioner of Social Security, 578 F.3d 443, 447 (6th Cir. 2009). The court's order of February 3, 2010 also brought this issue directly to counsel's attention, but no response was made.  In the absence of an assignment, applicable case law requires the fees to be made payable to the plaintiff.

## CONCLUSION

Accordingly, the court being sufficiently advised, IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees is GRANTED in part and DENIED in part; the plaintiff is awarded attorney's fees of $1,156.25 (9.25 hours x $125.00 per hour) and costs of $350.00.

This the 8th day of March, 2010.



Signed By:

G. Wix Unthank

United States Senior Judge